Case 1:20-cv-00070   Document 6   Filed on 05/06/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT MERCADO,  §  | | |
| Plaintiff,  § | | |
| § | | |
| v.  § | CIVIL ACTION NO. 1:20-cv-70a | |
| § | | |
| TEXAS DEPARTMENT OF  § | | |
| CRIMINAL JUSTICE, et al.,  § | | |
| Defendants.  § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 4, 2020, Plaintiff Robert Mercado filed a prisoner civil rights claim against the Texas Department of Criminal Justice, LaSalle Corrections, J. Cantu, T. Herrera and A. Ambriez (collectively "Defendants"). Dkt. No. 1. The crux of Mercado's claim is that prison employees stole his property and have refused to fully return it.

The Court has a statutory obligation to screen prisoner civil rights complaints. 28 U.S.C. § 1915A(a). After conducting this review, it is recommended that the complaint be dismissed without prejudice to refiling for failure to state a claim upon which relief can be granted.

**I. Background**

   **A. Factual Background**

According to the complaint, Mercado purchased $105.25 in supplies from the commissary in November 2019. Dkt. No. 1, p. 4. In late November 2019, an unidentified sergeant went to retrieve medicine from Mercado's locker "and decided to steal items from [the] locker." Id.

In December 2019, Mercado purchased $246.75 in supplies, including new shoes. Dkt. No. 1, p. 4. On December 23, 2019, Mercado was temporarily transferred from the Willacy County State Jail to the Jester Unit. Id. On January 10, 2020, Mercado was returned to the Willacy County State Jail, but "only a fraction" of his property was returned to him. Id. Mercado claims that supplies worth $188.95 were still missing; he alleges that

he reached a settlement with prison officials, but "they broke such settlement and did not uphold the terms." Id.

### B. Procedural Background

On May 4, 2020, Mercado filed this complaint against the Defendants, concerning the deprivation of his property. Dkt. No. 1.  Mercado seeks damages of $188.95 in lost property, $400 in court costs and fees and $3,000 for mental stress.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979).  To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. Section 1915A

Section 1915A, of title 28 United States Code, requires the Court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  The Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). "[Section] 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis ('IFP'), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim." Ruiz v. U.S., 160 F.3d 273, 274 (5th Cir. 1998). A dismissal for failure to state a claim upon which relief can be granted, under § 1915A, is examined under the same standards as those applicable to Fed. R. Civ. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) (internal quotation marks omitted). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Doe v. Hillsboro Independent School Dist., 81 F.3d 1395, 1401 (5th Cir. 1996).

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

Finally, allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

### III. Analysis

The legal analysis of this case is straightforward. Even if the Court assumes that the underlying facts are true in the complaint, Mercado has not raised a claim under § 1983.

"[A] deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." Allen v. Thomas, 388 F.3d 147, 149 (5th Cir. 2004) (quoting Zinermon v. Burch, 494 U.S. 113, 115 (1990)).

"Texas law provides an adequate post-deprivation remedy for property loss [by prisoners as a result of acts] by prison employees through the administrative grievance process and through the court system." Dye v. Ambriz, 168 F. App'x 638, 639 (5th Cir. 2006) (citing Tex. Gov't Code §§ 501.007, 501.008; Murphy v. Collins, 26 F.3d 541, 543–44 (5th Cir. 1994); Aguilar v. Chastain, 923 S.W.2d 740, 743–44 (Tex. App. 1996)).

The only exception to this rule is for deprivations of property that are undertaken according to official policy. See Allen, 388 F.3d at 149 (prisoner's due process claim concerning a confiscated word processor and radio were not foreclosed because the items were seized under the authority of a specific prison directive); Stotter v. Univ. of Texas at San Antonio, 508 F.3d 812, 822 (5th Cir. 2007) (professor's due process claim for destruction of personal property was not foreclosed because it was done at the direction of the university provost).

Mercado has not shown that any of the deprivations of his property were as the result of an official policy; based on the facts pled, the underlying actions were random and unauthorized. Thus, Mercado's claim is "not actionable under section 1983" and should be dismissed on that basis. Murphy, 26 F.3d at 543-44.

4

The Court should dismiss this claim without prejudice so that Mercado can pursue his claims in state court, if he so chooses.

**IV. Recommendation**

It is recommended that Plaintiff Robert Mercado's prisoner civil rights petition be dismissed without prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on May 6, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge